OPINION
{¶ 1} Appellant Monique Newell appeals from the February 10, 2003, Judgment Entry of the Stark County Court of Common Pleas, Family Court Division, which granted permanent custody of appellant's four minor children to the Stark County Department of Jobs and Family Services (hereinafter SCDJFS). Appellee is SCDJFS.
STATEMENT OF THE FACTS AND CASE
 {¶ 2} Appellant is the biological mother of Keyo Lowry (d.o.b. 4-15-96), Peterz Owens, Jr. (d.o.b. 11-2-98), Patreasha Owens (d.o.b. 9-7-99) and Natreasha Owens (d.o.b. 2-5-01). SCDJFS became involved with appellant and her four children in June of 2001. Initially, SCDJFS filed a complaint in the trial court on June 4, 2001, alleging that appellant's four children were dependent children and sought an order placing the children in the temporary custody of SCDJFS. Concurrent with filing the complaint, SCDJFS obtained an ex parte order placing the children into the emergency custody of SCDJFS.
 {¶ 3} On June 5, 2001, an emergency shelter care hearing was held. At the hearing, appellant stipulated that probable cause existed for the issuance of an order committing the children into the temporary legal custody of SCDJFS and to the issuance of the requested pre-adjudicatory orders.
 {¶ 4} On July 3, 2001, SCDJFS filed its initial case plan which documented the concerns it had identified and informed the parties of the services it felt were necessary to address or mitigate those concerns. A hearing on the complaint was held on August 17, 2001. Pursuant to stipulation, the trial court found the four children to be dependent. At the dispositional hearing held the same day, the trial court issued an order placing the children in the temporary custody of SCDJFS subject to planning and placement under the terms of the case plan.
 {¶ 5} On November 29, 2001, the Citizens Review Board held a semi-annual review of the matter. Appellant was present and represented by counsel. After taking testimony, the Review Board recommended that the trial court maintain the children in the temporary custody of SCDJFS. That same day, the trial court approved and adopted the case plan, found that reasonable efforts were made to finalize the permanency planning in effect and ordered that the "status quo" be maintained.
 {¶ 6} On April 29, 2002, SCDJFS filed a motion to extend temporary custody of the children to SCDJFS. The matter was heard on May 1, 2002, concurrent with a previously scheduled annual review. Appellant was present and was represented by counsel. After taking testimony, the trial court found that SCDJFS had used reasonable efforts to finalize the permanency plan and that there were compelling reasons to preclude a request for permanent custody. The trial court adopted the case plan review packet as filed and maintained the children in the temporary custody of SCDJFS. SCDJFS' request for an extension of temporary custody was set for hearing on July 9, 2002. At the hearing on July 9, 2002, the parties stipulated to an order extending the childrens' temporary custody with SCDJFS through December 4, 2002.
 {¶ 7} On October 31, 2002, the trial court heard another review of the matter. Appellant was present for this review and was represented by counsel. After taking testimony, the trial court found that despite the fact that SCDJFS had used reasonable efforts to finalize the permanency plan, there were no compelling reasons to preclude a request for permanent custody. The trial court adopted the case plan review packet as filed and maintained the children in the temporary custody of SCDJFS.
 {¶ 8} On November 1, 2002, SCDJFS filed a motion for permanent custody of appellant's four children. The matter proceeded to a hearing on February 4, 2003. At the conclusion of the hearing with respect to the grounds, the trial court reserved judgment and for the purpose of judicial economy, took testimony with respect to the best interests of the children.
 {¶ 9} On February 10, 2003, the trial court issued a Judgment Entry terminating appellant's parental rights with respect to the four children. Concurrent with that Judgment Entry, the trial court filed Findings of Fact and Conclusions of Law in support of its judgment. The trial court found that the children should not and cannot be placed with appellant in a reasonable time, that the children had been in the temporary custody of the agency for 12 of the past consecutive 22 months, and that it was in the best interests of the children to be in the permanent custody of SCDJFS.
 {¶ 10} It is from the February 10, 2003, Judgment Entry that appellant appeals, raising the following assignments of error:
 {¶ 11} "I. The judgment of the trial court awarding permanent custody of the minor children to the SCDJFS is against the manifest weight of the evidence.
 {¶ 12} "II. The judgment of the trial court that the best interests of the minor children would be served by granting permanent custody to SCDJFS is against the manifest weight of the evidence.
 {¶ 13} This case comes to us on the accelerated calendar. Appellate Rule 11.1, which governs accelerated calendar cases, provides, in pertinent part: (E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11. 1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form. This appeal shall be considered in accordance with the aforementioned rule.
 I II {¶ 14} In her assignments of error, appellant argues that the trial court's awarding of permanent custody to SCDJFS was against the manifest weight of the evidence. We disagree.
 {¶ 15} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (February 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279,376 N.E.2d 578.
 {¶ 16} R.C. 2151.414(B)(1) addresses under what circumstances a trial court may grant permanent custody. Such statute provides as follows:
 {¶ 17} "(B)(1) Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 {¶ 18} "(a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
 {¶ 19} "(b) The child is abandoned.
 {¶ 20} "(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.
 {¶ 21} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999."
 {¶ 22} In the case sub judice, the trial court found that the children had been in the temporary custody of SCDJFS for 12 of the past consecutive 22 months, that the children should not and cannot be placed with appellant in a reasonable time and it was in the best interest of the children to be in the permanent custody of SCDJFS. Those findings are alternate findings under R.C. 2151.414(B)(1). (R.C. 2151.414(B)(1)(d) and (a) respectively) Either of those findings, if supported by the evidence, would have been sufficient in and of itself to base a grant of permanent custody pursuant to R.C. 2151.414(B)(1).
 {¶ 23} Appellant does not appeal the trial court's finding that the children were in the temporary custody of SCDJFS for 12 of the past consecutive 22 months.[1] Such a finding is enough to satisfy the requirements of R.C. 2151.414(B)(1). See In re: Whipple Children, Stark App. No. 2002CA00406, 2003-Ohio-1101. However, because the trial court made a finding that the children should not or cannot be placed with appellant in a reasonable time this court shall review that finding.
 {¶ 24} Revised Code 2151.414(E) sets out the factors relevant to determining whether children should not be placed with a parent at this time or within a reasonable time. Revised Code 2151.414(E) states the following, in pertinent part:
 {¶ 25} "(E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section2151.353 of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
 {¶ 26} "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties. . . .
 {¶ 27} "(16) Any other factor the court considers relevant."
 {¶ 28} In this case, the trial court found that despite reasonable efforts by SCDJFS to reunify appellant with her children, appellant failed to complete her case plan. Upon review, we find that the trial court's finding was not against the manifest weight of the evidence. The following evidence was presented at the permanent custody hearing:
 {¶ 29} Davida Domer, the SCDJFS social worker assigned to the family, testified on behalf of SCDJFS. Ms. Domer testified that the initial concern on the case plan was housing for appellant. According to Ms. Domer, appellant resides in a one bedroom efficiency apartment in the northeast section of Canton. This residence is government subsidized. Ms. Domer acknowledged that should the four children be returned to appellant's custody, appellant would be eligible for a larger apartment. However, Ms. Domer testified that appellant is not currently employed and she is not currently paying for her housing.
 {¶ 30} Substance abuse was also a concern on the case plan. Appellant attended and completed Quest. Appellant, with one exception, submitted to all requested urine screens. Each test was negative. On one occasion, SCDJFS received a referral that said appellant was using marijuana again and that the kids were in danger if they were placed back with appellant. Based upon the referral, appellant was asked to submit a urine sample. Appellant did not comply. Appellant did not provide a sample until over a month later.
 {¶ 31} Ms. Domer testified that the next concern on the case plan involved a lack of parenting skills on behalf of appellant. Ms. Domer testified that although appellant had successfully completed parenting classes, appellant still had problems interacting with her children and setting and maintaining boundaries. As such, it was Ms. Domer's opinion that despite having received instruction, appellant had not obtained sufficient parenting skills to allow her to provide effective parenting to her children.
 {¶ 32} Ms. Domer next testified that a significant concern on the case plan was for appellant to work with Minority Development in order to insure that she could financially provide for the basic needs of her children. Ms. Domer testified that despite the fact that appellant had no physical or mental disability which inhibited her ability to work, appellant was unemployed. Appellant had exhausted her entitlement to public assistance, had exhausted her entitlement to Ohio Works First and had no identifiable source of income, except for some help from appellant's mother. Ms. Domer felt that should the trial court return the children to her, appellant would not be able to feed, cloth or provide shelter to the children.
 {¶ 33} The case plan also required appellant to seek a psychological exam and any follow-up treatment recommended. Ms. Domer testified that appellant did obtain a psychological evaluation as the trial court had ordered and that this evaluation contained follow up recommendations for appellant to obtain individual therapy through NOVA and for appellant to be re-evaluated at the end of one year to determine the effect which the intervention had on appellant. Despite that recommendation, appellant obtained no individual therapy and did not obtain a re-evaluation as the trial court had ordered. Ms. Domer testified that appellant had not mitigated the problems identified with respect to this concern on the case plan.
 {¶ 34} Based upon the foregoing evidence presented at the hearing, we find that the trial court's finding that the children could not be placed with appellant at that time or within a reasonable time was supported by the evidence and not against the manifest weight of the evidence.
 {¶ 35} Appellant also contends that the trial court erred when it found that permanent custody was in the best interests of the children. In determining the best interest of a child, the trial court is required to consider the factors contained in R.C. 2151.414(D). These factors are as follows:
 {¶ 36} "(1) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster care givers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 37} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 38} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 39} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 40} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 41} In the case sub judice, testimony showed that that the children were placed in SCDJFS approved and licensed foster homes. Keyo (age 6) and Patreasha (age3) were placed together in one foster home and Peterez (age 4) and Natreasha (age 1) were placed together in another foster home. Ms. Domer testified that all children were doing well in their respective homes and each home was willing and able to adopt their respective foster children.
 {¶ 42} Ms. Domer testified that there were no physical delays with the children. However, Keyo and Peterez were currently in counseling with the Child and Adolescent Service Center for aggressive behavior. Their behavior is improving. At the time of the hearing, Petreasha was being evaluated for personality problems and was having some difficulty with her motor skills.
 {¶ 43} Testimony showed that Keyo is very bonded with his foster parents but has a very weak bond with appellant. Ms. Domer testified that she was not sure if Keyo trusted appellant even though he says that he loves appellant. Ms. Domer described the relationship between appellant and Keyo as "very strained." Transcript of Proceedings at 52. Ms. Domer testified that the relationship between Peterez and appellant is also strained. Testimony showed that Peterez had a slight or weak bond with appellant. Ms. Domer testified that while there would be some harm in severing Keyo and Peterez's bonds with appellant, the benefits of having a safe, stable adoptive home outweighed the harm.
 {¶ 44} As to Petreasha, testimony showed that her bond with appellant was very weak. During visits with appellant, Petreasha would be ready to go before the visit was over or would just sit with the SCDJFS social worker. On the other hand, Petreasha is bonded with her foster mother and may have a stronger bond to Ms. Domer, the social worker, than with appellant. Testimony showed that Ms. Domer believed that there would be no psychological harm if Petreasha'a contact with appellant was terminated.
 {¶ 45} Netreasha is also bonded with her foster mother. And, because she was removed from appellant as a very young baby, she shows no indication that she has any concept that appellant is her mother.
 {¶ 46} The SCDJFS social worker assigned to the family concluded that it was in the best interests of the children for them to be placed in the permanent custody of SCDJFS. This sentiment was echoed by the children's guardian ad litem. The guardian ad litem noted that the children were doing very well in their placements and that appellant did not seem able to maintain any consistency in her life. Thus, the guardian ad litem recommended that permanent custody be granted to SCDJFS.
 {¶ 47} We find that the trial court's finding that the best interests of the children would be served by granting permanent custody
to the SCDJFS was not against the manifest weight of the evidence. In conclusion, for the foregoing reasons, we find that the trial court's award of permanent custody to SCDJFS was not against the manifest weight of the evidence.
 {¶ 48} Appellant's first and second assignments of error are overruled.
 {¶ 49} Accordingly, the judgment of the Stark County Court of Common Pleas, Family Court Division is affirmed.
By: Edwards, J., Hoffman, P.J. and Boggins, J. concur.
In Re: PC.
[1] Ms. Domer, the SCDJFS social worker assigned to the family, testified that appellant's four children had been in the continuous custody of the SCDJFS since June 6, 2001. The children were adjudicated dependent children on August 17, 2001. Thus, the record reveals that the trial court correctly concluded that the children had been in the custody of SCDJFS for twelve or more months of a consecutive twenty-two month period.